JOE SWIFT v. THE STATE.

No. 11706.   Delivered May 30, 1928.

The opinion states the case.

*A. L. Curtis* of Burnet, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale, punishment one year in the penitentiary.

There are three bills of exception in the record. The first complains of the refusal of a special charge asking that the jury be instructed to acquit. We are of opinion this was properly refused.

The second bill complains of the fact that the trial court instructed the jury upon the law of principals. We are unable to agree with this contention. Appellant and another were discovered at a place where there was a certain still, together with a quantity of mash and whiskey. Appellant seemed to be doing something in connection with the whiskey or the still. He offered no sort of explanation either at the time of his arrest or by way of testimony upon this trial.

The third bill of exceptions complains of certain argument of the District Attorney to the effect that the fact that appellant made no statement or explanation of his presence at the still when arrested

by the officers was deemed by the State's Attorney sufficient evidence of his guilt. We are not willing to hold such argument of a reversible character. It was merely an expression of the opinion of the State's Attorney as to the effect of certain facts which were in testimony before the jury.

Appellant assails the sufficiency of the testimony. There is no question of the fact that appellant was at a place down upon a ravine in a remote mountainous section where there were twenty-nine full barrels of mash, a thoroughly equipped still, together with a quantity of whiskey already manufactured. When observed by an officer appellant was partly hidden from view, but he was close to the still and his body was moving up and down, and one of the officers said he had a wrench in his hand. No testimony was offered by appellant to explain his connection with the still or denying his full complicity with his co-defendant in its operation and in the possession of the mash and liquor there found. Under these facts we are unwilling to say the jury was not justified in finding appellant guilty.

No error appearing, the judgment will be affirmed.

*Affirmed.*